IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIM S. ADLER, P.C. and JIM ADLER, | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:19-cv-2025-K-BN |
| MCNEIL CONSULTANTS, LLC D/B/A ACCIDENT INJURY LEGAL CENTER, QUINTESSA MARKETING, LLC D/B/A ACCIDENT INJURY LEGAL CENTER, and LAUREN VON MCNEIL, | § § § § § § § | |
| Defendants. | § | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER ON ORAL ARGUMENT ON DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Defendants McNeil Consultants, LLC d/b/a Accident Injury Legal Center, Quintessa Marketing, LLC d/b/a Accident Injury Legal Center, and Lauren Von McNeil explain, in support of their Motion to Quash and for Protective Order [Dkt. No. 51], that Defendants

> respectfully asks the Court to quash [Plaintiffs Jim S. Adler, P.C. and Jim Adler's Subpoena Duces Tecum to Google LLC (the "Subpoena")] because it requires the disclosure of Quintessa's trade secrets with respect to its search engine marketing and optimization data and strategies that are unrelated to the issues in this case. Further, the Subpoena seeks irrelevant and overbroad discovery regarding Quintessa's purchase of keywords other than the Adler Marks. As such, Quintessa respectfully asks the Court to quash the Subpoena and issue a protective order to halt this inappropriate discovery that is irrelevant and untethered to the issues in this case. Finally, Quintessa respectfully asks the Court to quash the Subpoena and issue a protective order protecting Google, a non-party, from the undue burden and expense of

-1-

producing discovery that has been or can be sought directly from Quintessa.

Dkt. No. 448 at 1-2 (footnote omitted).

The Subpoena at issue requires compliance in Austin, Texas. *See* Dkt. No. 51-1. And so any Federal Rule of Civil Procedure 45(d)(3) motion to quash – whether filed by a party claiming to have standing to move to quash or by the non-party target of the Subpoena – is required to be filed in the United States District Court for the Western District of Texas, as the court in the district where compliance with the Subpoena is required. *See* FED. R. CIV. P. 45(d)(3); *accord CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. 2017).

But, as the Court has recently laid out,

"a party has standing to move for a protective order pursuant to [Federal Rule of Civil Procedure] 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to [Federal Rule of Civil Procedure] 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Capital Area Family Violence Intervention Ctr.*, 314 F.R.D. 214, 218 (M.D. La. 2016). Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." FED. R. CIV. P. 26(c)(1). And, "[i]n contrast to Rule 45(d)(3), there is no indication that Rule 26(c)(1)'s alternative forum for 'matters relating to a deposition' is mandatory and exclusive." *Pena v. Casteel*, No. CV 15-0420, 2016 WL 800189, at *1 n.4 (W.D. La. Feb. 26, 2016).

But Rule 45 provides specific protections to non-parties that may only be enforced through objections by the non-party or a motion to quash a subpoena. Under Federal Rule of Civil Procedure 45(d), "[e]ither in lieu of or in addition to serving objections on the party seeking discovery, a person [served with a subpoena] can 'timely' file a motion to quash or modify the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A). Under Rule 45(d)(3)(A), '[o]n timely motion, the court for the

-2-

district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in [Federal Rule of Civil Procedure] 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.' FED. R. CIV. P. 45(d)(3)(A)." *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018) (cleaned up).

[A party] may not use a Rule 26(c)(1) motion for protective order to attempt to enforce, on [the non-party's] behalf, Rule 45(c)'s geographical limits or the requirement to provide a non-party a reasonable time to comply. Those non-party-specific protections go beyond and are separate from the Federal Rule of Civil Procedure 26 scope of discovery matters that Rule 26(c)(1) covers.

*Humphries v. Progressive Corp.*, No. 3:20-cv-548-X, 2022 WL 1018404, at *1-*2 (N.D. Tex. Apr. 5, 2022). And, even if Defendants had standing to bring a motion to quash the Subpoena and could properly file it in this district, "that standing does not go so far as to allow [Defendants] to challenge a non-party subpoena on the grounds that it unduly burdens the non-party." *Payne v. Forest River, Inc.*, Civ. A. No. 13-679-JWD-RLB, 2014 WL 7359059, at *5 (M.D. La. Dec. 23, 2014). And neither may Defendants assert standing to seek a protective order on the non-party's behalf on those same grounds.

Still, a party may appropriately challenge a subpoena as facially overbroad. *See Chaput v. Griffin*, No. 3:14-mc-131-G-BN, 2014 WL 7150247 (N.D. Tex. Dec. 16, 2014). And a party may seek a protective order on the basis of lack of relevance or proportionality as to third-party discovery. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2609994 (N.D. Tex. May 6, 2016).

But, "[t]he burden is upon [the party or person seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection." *MetroPCS*,

> 327 F.R.D. at 611 (cleaned up). And, "under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable," including "on a [Federal Rule of Civil Procedure] 26(c) motion for a protective order." *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 593 (N.D. Tex. 2017).

*Humphries*, 2022 WL 1018404, at *2. Contrary to Defendants' arguments regarding the governing standards on a Rule 26(c) motion,

> the Court does not believe that, under Rules 26(b) and 26(g) and Fifth Circuit law, the burden to demonstrate why requested discovery should not be permitted shifts to a responding party only if and when the discovery's proponent first meets a threshold burden to prove that it is asking for documents within the scope permitted by Rule 26(b)(1). That is, the Court disagrees with statements in other district court decisions that, as part of a burden-shifting test, an initial burden lies with the party moving to compel to show clearly that (as Rule 26(b)(1) now provides) the information sought is relevant to any party's claim or defense and proportional to the needs of the case. *See, e.g., Spiegelberg Mfg., Inc. v. Hancock*, No. 3:07-cv-1314-G, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007); *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006); *see also Ashton v. Knight Transp., Inc.*, No. 3:09-cv-759-B, 2009 WL 4580801, at *1 (N.D. Tex. Dec. 4, 2009) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent." (internal quotation marks omitted)); *cf. Staton Holdings, Inc. v. Russell Athletic, Inc.*, No. 3:09-cv-419-D, 2010 WL 1372479 (N.D. Tex. Apr. 7, 2010).

*Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 595 (N.D. Tex. 2017).

This Court can enter a proper Rule 26(c)(1) protective order but cannot enter an order quashing this Subpoena on a Rule 45(d) motion.

The Court intends to deny the motion to quash without prejudice to its refiling in the proper district and to deny the motion for protective order except insofar as it

challenges the Subpoena on relevance and proportionality grounds under Federal Rule of Civil Procedure 26(b)(1) or seeks an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" under Federal Rule of Civil Procedure 26(c)(1)(G).

Counsel should focus their preparation, and the Court intends to focus its questions at oral argument, on those matters, as well as Plaintiffs' arguments regarding whether Defendants' motion was timely filed.

And the Court reminds the parties that the Court strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct oral argument, particularly where the junior lawyer drafted or contributed significantly to the motion or response, and that the Court permits a party's or parties' lawyers' splitting an oral argument and encourages, in appropriate cases, doing so with a more junior attorney who may have spent the most hours on the briefing. *See* Dkt. No. 44 at 11-12.

SO ORDERED.

DATED: May 23, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE